ÁNGEL CONCEPCIÓN AMORÓ, Petitioner and Appellee, v. BOARD OF ACCOUNTANCY OF PUERTO RICO, Respondent and Appellant.

No. 12237. Submitted July 12, 1957.—Decided February 27, 1958.

J. B. *Fernández Badillo*, Attorney General, Arturo Estrella, *First Assistant Attorney General*, and *Jorge Ruiz Rivera*, *Assistant Attorney General*, for appellant. R. *Hernández Matos* for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

The question presented is this: Does an appeal lie against a judgment rendered by the Ponce Part of the Superior Court in a proceeding for review under § 11(j) of the Public Accountancy Act of 1945 (Sess. Laws, p. 1098), ordering the Board of Accountancy to issue a certificate in favor of Ángel Concepción Amoró as a certified public accountant? We believe that, under § 295 of the Code of Civil Procedure (32 L.P.R.A. § 1281) and § 14 of the Judiciary Act of 1952 (4 L.P.R.A. § 37), the said judgment is unappealable and may be reviewed only by certiorari in the discretion of this Court. Therefore, the present petition for appeal should be dismissed for lack of jurisdiction. Naturally, this does not affect the right of the Board of Accountancy to file in this Court a petition for certiorari duly grounded.[1]

---

[1] We could not at this time consider the case as if it were a petition for certiorari. In fact, the appellant has not as yet filed the brief required by our Regulation (4 L.P.R.A. App.I, R. 10). We do not know what errors he assigns to the lower court nor the grounds on which to seek review by certiorari.

The findings, as to which there is no controversy between the parties, are: (1) That Ángel Concepción Amoró filed an application with the Board of Accountancy for a license, without examination, as certified public accountant, on the authority of the provisions of Act No. 42 of 1927 (Sess. Laws, p. 234), Joint Resolution No. 38 of 1934 (Sess. Laws, p. 874), and Act No. 293 of 1945; (2) that the Board of Accountancy, after the corresponding administrative proceeding, ultimately denied the said application on February 2, 1956; (3) that on March 1, 1956, Ángel Concepción Amoró filed a petition in the Ponce Part of the Superior Court requesting review of the said administrative order pursuant to § 11(j) of the Public Accountancy Act of 1945 (20 L.P.R.A. § 782); (4) that the Superior Court, as indicated above, rendered judgment in the review proceeding setting aside the decision of the Board and ordering it to issue ". . . in favor of the plaintiff, Ángel Concepción Amoró, without examination . . . a diploma, certificate, or license as certified public accountant, and to register him as such . . . in order that he may engage in and practice freely in Puerto Rico his profession as certified public accountant, subject to the laws and regulations on the matter"; (5) that the Board of Accountancy appealed to this Court from the said judgment; (6) that the appellee moved on June 25, 1957, for dismissal of the appeal, alleging that we lack jurisdiction because the judgment of the lower court is unappealable.

In granting power to the Superior Court to review orders of the Board of Accountancy, the Legislative Assembly prescribed specifically the procedure to be followed for obtaining such review. Section 11(j) of the Public Accountancy Act of 1945 provides as follows: "Any person adversely affected by any order of the Board may obtain a review thereof by filing a written petition for review with the cor-

responding part of the Superior Court within 30 days after the entry of said order. The petition shall state the grounds upon which the review is asked and shall pray that the order of the Board be modified or set aside in whole or in part. A copy of such petition shall be forthwith served upon any member of the Board and thereupon the Board shall certify and file in the court a transcript of the record upon which the order appealed from was entered. The case shall then be tried de novo on the record but the parties shall be permitted to file briefs as in an ordinary action at law. The court may affirm, modify or set aside, in whole or in part, the order of the Board, or it may remand the case to the Board for further evidence, and may, in its discretion, stay the effect of the order of the Board pending its determination of the case. The decision of the court shall have the force and effect of a decree in equity." 20 L.P.R.A. § 782(j).

In *Debién v. Board of Accountancy*, 76 P.R.R. 91 (1954), the question raised was whether the petition for review provided by § 11(j) *supra*, is applicable to an order refusing a license of certified public accountants. We held that it is, stating that: "Although most of § 11 refers to proceedings involving complaints and revocation of licenses, still subdivision (j) grants the power of review by the court to any person adversely affected by 'any order of the Board.' Subdivision (j) is of a general character and, although embodied in § 11 which deals mostly with certain specific proceedings, that subdivision should be regarded as applicable to orders refusing licenses. Petitioner herein filed a petition for mandamus, but it should be considered as a petition for judicial review and, hence, unchallengeable, especially considering the fact that the petition for mandamus was filed in the San Juan court within the period of thirty days provided in subdivision (j) to apply for review of an order of the Board." (Pp. 96–97.) In other words, since the Act provides for a procedure which is obviously appropriate

for review of an order of the Board of Accountancy refusing a license as certified public accountant, it is necessary to comply with that procedure before resorting to the courts. The existence of this specific right of review *"on the basis of the record"* (of the proceedings had before the Board), excludes the possibility of a mandamus proceeding or of any extraordinary remedy originating in the Superior Court. See *Roche* v. *Evaporated Milk Assoc.*, 319 U.S. 21, 27–28; Davis, *Administrative Law* 761–64, 768–73, 794–96 (1951), and cases therein cited.[2]

 There is no question that the law grants to the Superior Court power to " . . . affirm, *modify or set aside, in whole or in part, the order of the Board,* or it may remand the case to the Board for further evidence, and may, in its discretion, stay the effect of the order . . . pending its determination of the case." (Italics ours.) But the judicial function is always restricted to deciding, on the basis of the record of the proceedings had before the Board, whether any error of law has been committed and whether the findings of fact which serve as the basis for the administrative order are supported by substantial evidence. See Carrow, *Types of Judicial Relief from Administrative Action*, 58 Col. L. Rev. 1 (1958). The Board of Accountancy is compelled to hold hearings that shall meet all the requirements of the due process of law and to keep a complete record of the documentary and oral evidence presented. Moreover,

---

[2] See, also: Gellhorn and Byse, *Administrative Law* 324–25, 379–98 (1954); Jaffe, *Administrative Law* 492–94, 499–503 (1953); Cooper, *Administrative Agencies and the Courts*, 331–39 (1951); Forkosch, *Administrative Law*, 640–41, 646–47 (1956). As pointed out by Professor Jaffe, *op. cit. supra*, the petition for review may be inadequate in certain cases: for example, if the administrative agency refuses to hold a hearing, or, if after holding one, it refuses to pass on the case. And under those circumstances resort may be had to the Superior Court by mandamus. On the other hand, as held in the *Debién* case, a petition for mandamus filed within the period fixed by law should be considered as a petition for review under § 11 (*j*) *supra*.

the Superior Court can not receive fresh evidence at the hearing of the petition for review, except as to the commission of some irregularity in the administrative proceeding. *Cf. Ledesma, Administrator* v. *District Court*, 73 P.R.R. 379, 382–85 (1952) ; *Rivera* v. *Chancellor of the University,* 73 P.R.R. 361, 364–66 (1952) ; *Hilton Hotels* v. *Minimum Wage Board*, 74 P.R.R. 628, 641–44 (1953) ; and *Corrada* v. *Municipal Assembly*, 79 P.R.R. 345, 349 (1956). It is obvious, therefore, that we are not concerned here with a judicial proceeding in which a trial de novo is held. The entire documentary and oral evidence pertinent to the case must be presented at the administrative hearing before the Board of Accountancy. The Board is bound to enter such decision or order as it may consider reasonable, within the administrative field. The court then reviews such action subject to the rules already noted. In fact, such review, although in a more restricted sense, is analogous to the appeal or certiorari procedure exercised by the Superior Court in reviewing a judgment rendered by the District Court. See Stern, *Review of Findings of Administrators, Judges and Juries: A Comparative Analysis*, 58 Harv. L. Rev. 70, 74–89, 93–120 (1944) ; Jaffe, *Judicial Review: Question of Law*, 69 Harv. L. Rev. 239 (1955), and *Judicial Review: Question of Fact*, 69 Harv. L. Rev. 1020 (1955) ; *Brown, Fact and Law in Judicial Review*, 56 Harv. L. Rev. 899 (1943).

■■■■ However, according to the well-established jurisprudence of this Court, "The right of appeal is a remedy which only exists when provided by statute or by the constitution." *Quilinchini* v. *Public Service Commission*, 63 P.R.R. 654, 655 (1944). The Public Accountancy Act of 1945 (20 L.P.R.A. § 771 *et seq.*) contains no specific provision permitting an appeal from the judgment that may be rendered in the proceeding for review provided in § 11. Nor is it provided therein that such judgment shall be final and

unappealable. Hence, we must turn to examine the provisions of § 295 of the Code of Civil Procedure (32 L.P.R.A. § 1281). As is well known, that section indicates in general terms which are the orders or judgments of the Superior Court from which an appeal may be taken to the Supreme Court. The only subdivision of § 295 *supra* which could be applied to the case at bar provides that an appeal may be taken: "From a final judgment in an action or special proceeding *commenced in the court in which the same is rendered*, within one month after the entry of judgment." (Italics ours.)

It is evident that the judgment appealed from was not rendered in an action brought originally before the Superior Court but in a proceeding which commenced in the Board of Accountancy. And it is impossible to hold, as sought by the appellant, that ". . . for the purposes of the appeal . . . (this case should be considered) as originating in the Superior Court." This question was already decided by this Court adversely to the appellant in *Pérez* v. *Garrido, Commissioner*, 49 P.R.R. 904, 907–09 (1936).

But there is more. Irrespective of § 295 *supra*, the Organic Act of the Judiciary of 1950 (Sess. Laws, p. 1126) provided in § 35 that: "The judgment, decisions and rulings of the District Court of Puerto Rico in actions and remedies in the first instance may be appealed to the Supreme Court of Puerto Rico under the terms and conditions established by law. The judgments, decisions and rulings of the District Court of Puerto Rico *in notices of appeal or in review proceedings may not be appealed to the Supreme Court of Puerto Rico*, but the same shall be reviewable by certiorari, in the discretion of the Supreme Court of Puerto Rico." (Italics ours.) This specific prohibition remained in force after the enactment of § 14 of the Judiciary Act of 1952 (4 L.P.R.A. § 37), as stated in *Borinquen Furniture, Inc.* v. *District Court*, 78 P.R.R. 858 (1956). The said § 14 provides that:

"Final judgments, and other orders of the Superior Court from *which heretofore an appeal might have been taken from the District Court, may be appealed to the Supreme Court* under the terms and conditions established by law and in accordance with the rules of procedure established by the Supreme Court, except that the right and extent of appeal in cases brought under section 121(*a*) 2, 3 and 4 of this title shall be the same as that heretofore and now accorded cases brought under section 121(*a*) 5. Any judgment or ruling of the Superior Court may be reviewed by certiorari in the discretion of the Supreme Court." (Italics ours.)

One of the basic principles of the Judiciary Act of 1952 was to put an end to the practice of multiple appeals, both in cases from the District Court and those which originate in administrative agencies. See Clark and Rogers, *The New Judiciary Act of Puerto Rico: A Definite Court Reorganization*, 61 Yale L. J. 1147 (1952). *Cf.* Pound, *Appellate Procedure in Civil Cases* 326–27, 392 (1941). That is why, if in the administrative field an adequate hearing is held and a complete record is kept of all the proceedings had, the only proper remedy is a review (to the Superior Court) of the administrative decision or order which might have been entered, in the absence of an express provision of law to the contrary. As a general rule, only a "trial" and an "appeal" are necessary in suits. It matters little in that respect whether the judicial review—that is, the equivalent of an appeal when a hearing is had in the administrative field—is made by mandamus without a trial de novo (*Cf. Rivera v. Chancellor of the University*, 73 P.R.R. 361), or by means of a special proceeding provided in the statute (*Cf. Ledesma, Administrator v. District Court*, 73 P.R.R. 379). In both cases the judicial function is the same: to review the record of the administrative proceedings to consider solely questions of law and to determine whether the

findings of fact which serve as a basis for the administrative action are supported by substantial evidence. Review by certiorari before this Court lies only under the circumstances pointed out in the *Borinquen Furniture* case *supra*, at p. 904.[3]

In view of the foregoing, the motion to dismiss the present appeal will be granted.

Mr. Justice Hernández Matos did not participate herein.

---

[3] It is well to point out that in *Debién* v. *Board of Accountancy, supra,* and in other cases decided by judgment in 1956, we passed upon petitions for appeal taken from judgments rendered by the Superior Court in reviewing orders of the Board of Accountancy refusing certificates as certified public accountant. But there the question of whether or not the appeal would lie was neither expressly raised nor passed upon.